UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| MICHELE WIEWALL CURRAN, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 08-1559 (PLF) |
| ERIC H. HOLDER, JR., et al., | ) | |
| Defendants.[1] | ) | |

OPINION

      Plaintiff, who is *pro se*, filed suit against various federal and state government officials alleging that they have engaged in systematic harassment and surveillance of her and her family and that they have failed to produce documents responsive to requests made under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. The matter is currently before the Court on defendants' motions to dismiss in whole or in part, plaintiff's motion for a preliminary injunction, and plaintiff's multiple motions to amend her complaint. After careful consideration of the parties' papers and the entire history of this case, the Court will grant plaintiff's first motion to amend her complaint and will deny her subsequent motions to amend, grant each of the defendants' motions to dismiss, and deny plaintiff's motion for a preliminary injunction as moot in part and conceded in part. Following this decision, only plaintiff's FOIA and Privacy Act claims relating to her records requests remain viable.

---

[1]     Attorney General Eric Holder has been substituted as a defendant for former Attorney General Michael Mukasey pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

I.  BACKGROUND

Plaintiff is an attorney at the Department of Labor.  See First Amended Complaint ("Compl.") ¶ 13.  She believes that defendants, the United States Attorney General, the Secretary of Labor, the Director of the Office of Personnel Management, unnamed Department of Justice employees (the "federal defendants") and two Arlington County Attorneys are engaged in a complex and long-running conspiracy against her and her family.  Plaintiff alleges that defendants are conducting extensive surveillance at her home, work and elsewhere, and that they are engaged in a campaign of harassment and intimidation against her and others.  See Compl. ¶¶ 1, 2, 4.  In addition to her allegations relating to surveillance and harassment, plaintiff alleges that the federal defendants have not adequately responded to her requests for records production under the FOIA and the Privacy Act.  Both of the Arlington County Attorney defendants, Stephen MacIsaac and Richard Trodden, have filed motions to dismiss the claims against them in full.  The federal defendants filed a motion to dismiss in part, addressing only plaintiff's surveillance and harassment claims.

II.  DISCUSSION

*A.  Plaintiff's Motions to Amend*

Since filing her complaint, plaintiff has filed three motions to amend it.  Rule 15(a)(1) of the Federal Rules of Civil Procedure allows a party to amend a pleading once as a matter of course before a responsive pleading is served.  See FED. R. CIV. P. 15(a)(1)(A).  A motion to dismiss is not a responsive pleading, see FED. R. CIV. P. 7(a), but as of yet none of the defendants has answered the complaint.  Accordingly, plaintiff's first motion to amend her

complaint, filed with this Court on November 26, 2008, will be granted as a matter of course.

Subsequent motions to amend are granted "only with the opposing party's written consent or the court's leave." See FED. R. CIV. P. 15(a)(2).  Plaintiff has not secured the written consent of all defendants for her proposed amendments.  The Court will, however, "freely give leave [to amend] when justice so requires."  See id.  "It is common ground that Rule 15 embodies a generally favorable policy toward amendments."  Howard v. Gutierrez, 237 F.R.D. 310, 312 (D.D.C. 2006) (quoting Davis v. Liberty Mutual Insurace Co., 871 F.2d 1134, 1136-37 (D.C. Cir. 1989)).  Where amendment would be futile, however, the Court may in its discretion deny such a motion.  See Vreven v. AARP, 604 F. Supp. 2d 9 (D.D.C. 2009) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).  Plaintiff's second and third motions to amend seek to add allegations to the complaint that only make her claims relating to government surveillance and harassment more fantastical.  These allegations do not cure the jurisdictional deficiencies in plaintiff's claims, which are discussed below.  While plaintiff's claims relating to records production under the FOIA and the Privacy Act survive the motion to dismiss, plaintiff's proposed amendments to her complaint do not substantively alter these claims.  The Court therefore will deny plaintiff's second and third motions to amend her complaint as futile.

Defendants' motions to dismiss were all responsive to plaintiff's original complaint, not to her amended complaint.  The federal defendants responded to plaintiff's first motion to amend, stating that they did not oppose amendment, but that the amended complaint did not cure the jurisdictional deficiencies in the original complaint.  Rather than require the defendants to file additional motions making the same arguments for dismissal against the amended complaint, the Court will consider the arguments defendants make for dismissal in their

original motions with regard to the amended complaint.

### B. *Plaintiff's Claims Related to Government Surveillance and Harassment*

Both the federal defendants and defendant MacIsaac argue that this Court does not have subject matter jurisdiction over plaintiff's claims because the claims are frivolous and that the claims therefore should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.[2]  "Rule 12(b)(1) presents a threshold challenge to the Court's jurisdiction . . . [and] the Court is obligated to determine whether it has subject-matter jurisdiction in the first instance." Agrocomplect, AD v. Republic of Iraq, 524 F. Supp. 2d 16, 21 (D.D.C. 2007). "Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt." Ashcroft v. Iqbal, 127 S. Ct. 1937, 1945 (2009).  Indeed, "[f]ederal courts have a special obligation to determine whether they have subject matter jurisdiction, even when the parties have not raised any jurisdictional questions themselves." Fay v. Perles, 484 F. Supp. 2d 6, 9 (D.D.C. 2007).  As explained below, the Court concludes that it does not have subject matter jurisdiction over any of the harassment and surveillance claims raised by plaintiff.  The Court therefore need not reach the many other bases for dismissal advanced by defendants.

Under Rule 12(b)(1), the plaintiff bears the burden of establishing subject matter jurisdiction.  See Kokkonen v. Guardian Life Insurance Co., 511 U.S. 375, 377 (1994); Moms Against Mercury v. FDA, 483 F.3d 824, 828 (D.C. Cir. 2007) (citing Georgiades v.

---

[2]   Defendant Trodden's motion to dismiss argues that plaintiff fails to state a claim and that the complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Because the Court concludes that it does not have subject matter jurisdiction over plaintiff's claims with respect to any of the defendants, including defendant Trodden, however, it need not reach the question of whether plaintiff has adequately stated a claim.

Martin-Trigona, 729 F.2d 831, 833 n.4 (D.C. Cir. 1984)).  While *pro se* complaints are held to a less stringent standard than other complaints, see Gray v. Poole, 275 F.3d 1113, 1116 (D.C. Cir. 2002); Amiri v. Hilton Washington Hotel, 360 F. Supp.2d 38, 41-42 (D.D.C. 2003), "even a *pro se* plaintiff — bears the burden of establishing that the Court has subject matter jurisdiction." Price v. College Park Honda, Civil Action No. 05-624, 2006 U.S. Dist. LEXIS 14906, 2006 WL 1102828, *6 (D.D.C. Mar. 31, 2006) (citing Rosenboro v. Kim, 994 F.2d 13, 17 (D.C. Cir. 1993); District of Columbia Retirement Bd. v. United States, 657 F. Supp. 428, 431 (D.D.C. 1987)).  In addition, when a *pro se* plaintiff is an attorney, as is plaintiff, "she is not automatically subject to the very liberal standards afforded to a non-attorney *pro se* plaintiff because an attorney is presumed to have a knowledge of the legal system and need less protections from the court."  Richards v. Duke University, 480 F. Supp. 2d 222, 234 (D.D.C. 2007).

"[T]he federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'" Hagans v. Lavine, 415 U.S. 528, 536-37 (1974) (quoting Newburyport Water Co. v. Newburyport, 193 U.S. 561, 579 (1904)).  No federal question jurisdiction exists to make a claim suitable for decision "when the claim is 'patently insubstantial.'"  Carone-Ferdinand v. Central Intelligence Agency, 131 F. Supp.2d 232, 234 (D.D.C. 2001) (quoting Best v. Kelly, 39 F.3d 328, 330 (D.C. Cir. 1994)); see also Richards v. Duke University, 480 F. Supp. 2d at 232 (citing Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 89 (1998)) (claims that are "wholly insubstantial or frivolous" lack subject matter jurisdiction to be heard in federal court).  To be dismissed under Rule 12(b)(1) on this ground the claims must "be flimsier than 'doubtful or questionable' — they must be 'essentially fictitious.'"  Best v. Kelly, 39 F. 3d at 330 (quoting

Hagans v. Lavine, 415 U.S. at 536-37). Claims that are essentially fictitious include those that allege "bizarre conspiracy theories, any fantastic government manipulations of their will or mind [or] any sort of supernatural intervention." Best v. Kelly, 39 F. 3d at 330. Cf. Ashcroft v. Iqbal, 129 S. Ct. at 1959 (Souter, J., dissenting) (noting, in discussing the well-pleaded complaint rule under Rule 12(b)(6): "The sole exception to this rule lies with allegations that are sufficiently fantastic to defy reality as we know it: claims about little green men, or the plaintiff's recent trip to Pluto, or experiences in time travel."). When a plaintiff's allegations are "'so attenuated and insubstantial as to be absolutely devoid of merit' [the claims] should be dismissed" for lack of subject matter jurisdiction. Richards v. Duke University, 480 F. Supp. 2d at 232.

        Plaintiff's claims relating to alleged government surveillance and harassment of her are the type of "bizarre conspiracy theory" that warrant dismissal under Rule 12(b)(1). Richards v. Duke University, 480 F. Supp. 2d at 232 (quoting Carone-Ferdinand v. Central Intelligence Agency, 131 F. Supp. 2d at 232-34). Plaintiff alleges that the campaign of surveillance and harassment originated decades ago, perhaps as a result of her employment by the FBI from 1976 to 1988, see Compl. ¶ 28, and perhaps as the result of a falling out that she had with roommates in the late 1970's or early 1980's. See Compl. ¶ 32. Plaintiff's complaint strings together a series of unconnected events to support her conclusion that she has been singled out for harassment by the government. For example, she alleges that: in the late 1980's she was not permitted to look at an FBI file without supervision by the agent in charge of the file, see Compl. ¶ 33; she attended a party with other FBI agents in 1992 and attempted to discuss national security issues, see Compl. ¶¶ 41-43; her luggage was lost during a flight to Germany in 1993, see Compl. ¶ 44; the birth of her son was complicated, see Compl. ¶¶ 46-50; she has had

significant marital difficulties with her husband, an FBI agent, see Compl. ¶¶ 53-67; her husband physically assaulted her, see Compl. ¶¶ 57, 64; and her son has been mistreated at school. See Compl. ¶ 69. From these various incidents, plaintiff concludes that defendants are engaged in a conspiracy to systematically harass her as part of a surveillance scheme.

  Moreover, plaintiff's allegations that she is currently the subject of surveillance are conclusory and unsupported by factual details. She asserts that defendants are conducting video and electronic surveillance of her. See Compl. ¶ 74. She believes that Arlington County uses its bus drivers to watch and track her. See Compl. ¶¶ 68, 70. In support of these conclusions she alleges that her computer frequently malfunctions, see Compl. ¶ 80; that her bills get lost in the mail, see Compl. ¶ 90; that she receives books and magazines in the mail that she did not order, see Compl. ¶ 91; that she has had difficulties returning items to the library or video store, see Compl. ¶ 92; that she received a tax demand letter from the State of Maryland, even though she does not live in Maryland, see Compl. ¶ 93; and that she believes she is on TSA's watch list and has experienced frequent plane delays, see Compl. ¶ 94-95. These allegations do not make her conclusion that she has been the subject of surveillance anything other than fanciful. As Judge Lamberth explained, when a plaintiff offers only "'a laundry list of wrongful acts' and conclusory allegations to support her theory of a conspiracy [these allegations are] insufficient to allow the case to go forward.'" Richards v. Duke University, 480 F. Supp. 2d at 233.

  The Court therefore will dismiss for lack of subject matter jurisdiction all of plaintiff's claims which are premised on a theory that defendants are conducting surveillance of her as part of a "national security investigation" and harassing her and her family. All claims

against the defendant Arlington County Attorneys therefore are dismissed.  While the federal defendants' motion to dismiss does not identify specifically which counts they believe arise from plaintiff's theories of surveillance and harassment, it appears to the Court under the foregoing analysis that all her claims except some of the FOIA and Privacy Act claims must be dismissed, as follows:

  Count I of plaintiff's amended complaint asserts violations of the Fourth and Fifth Amendments of the United States Constitution against all defendants based on their participation in a national security investigation of plaintiff.  This count will be dismissed.

  Count II invokes the Privacy Act and alleges that the Department of Labor has been engaged in electronic and video surveillance of plaintiff and has maintained a system of records concerning the national security investigation of plaintiff.  This count will be dismissed.

  Count III invokes the Privacy Act, which provides that an agency "collect information to the greatest extent practicable directly from the subject individual when the information may result in adverse determinations . . . ."  5 U.S.C. § 552a(e)(2).  Plaintiff's theory as to this count is unclear, although her reference to "national security" and her assertion that she has not had any contact with agents from countries hostile to the United States, leads the Court to conclude that she is alleging that employees of the Department of Labor have violated the Privacy Act by conducting surveillance of her, rather than by collecting information directly from her.  This count will be dismissed.

  Count IV asserts that employees of the Department of Labor have violated the Privacy Act by maintaining records about plaintiff that they acquired as part of the alleged "national security investigation" of her and disclosing those records to other agencies or

individuals. This count will be dismissed.

Count V asserts that the Department of Labor and OPM unlawfully failed to produce records pursuant to a Privacy Act request by plaintiff. This count is not based on plaintiff's frivolous allegations and therefore will not be dismissed.

Count VI asserts that the Department of Labor has willfully created and maintained records from wiretaps, photographs and video surveillance of plaintiff in violation of the Privacy Act. This count will be dismissed.

Count VII asserts that all defendants, and especially employees at the Department of Justice, have increased their alleged harassment and entrapment methods against plaintiff in the time since she contacted her Congressman. This count will be dismissed.

Count VIII asserts that the Department of Labor and the FBI have not responded to a FOIA request by plaintiff. This count will not be dismissed.

### C. Plaintiff's Motion for a Preliminary Injunction

At the outset of this case plaintiff moved for a preliminary injunction as to all of her claims. Plaintiff's prosecution of her case since that time has shown that the normal expeditious consideration that the Court would give to a motion for a preliminary injunction was unnecessary. The parties agreed to a briefing schedule for the preliminary injunction that would not make the motion ripe until approximately six weeks after its filing. See Curran v. Mukasey, Civil Action No. 08-1559, Consent Motion to Set Briefing Schedule [9] (D.D.C. October 2, 2008). This schedule was significantly more protracted than that provided by Local Civil Rule 65.1. Plaintiff subsequently moved for an extension of time to file her reply. See Curran v.

Mukasey, Civil Action No. 08-1559, Motion for Enlargement of Time to File Reply Brief [14] (D.D.C. October 24, 2008).  Plaintiff did not timely file her reply.  The Court then issued an Order compelling her to show cause why the motion for a preliminary injunction should not be denied for the reasons stated in the oppositions filed by various defendants.  See Curran v. Holder, Civil Action No. 08-1559, Order [15] (D.D.C. November 14, 2008).  Plaintiff thereafter filed her reply, in conjunction with her opposition to defendants' motion to dismiss, making the motion ripe nearly three months after she initially moved for a preliminary injunction.  Because the Court has dismissed plaintiff's claims relating to surveillance and harassment by the defendants, the motion for a preliminary injunction is moot as to those claims.

        Plaintiff's remaining claims are Counts V and VIII, asserted against the Department of Labor, OPM and the FBI for their alleged failures to produce records responsive to FOIA and Privacy Act requests by plaintiff. The federal defendants' opposition to plaintiff's motion for a preliminary injunction argues that plaintiff could not make the showing of irreparable harm necessary to be granted a preliminary injunction on her claims related to records production.  After being warned by the Court that the preliminary injunction would be denied for the reasons stated in defendants' oppositions unless she filed a reply, plaintiff finally filed a reply, but her only arguments as to the preliminary injunction were directed to her now-dismissed surveillance and harassment claims.  The Court will treat the motion as conceded as to the records production claims.  Even if it were not conceded, the Court agrees with the defendants that plaintiff has not shown that she will suffer irreparable harm absent immediate injunctive relief ordering defendants to produce various records.  See Federal Defendants' Memorandum in Opposition to Plaintiff's Motion for a Preliminary Injunction and in Support of Defendants'

Motion to Dismiss in Part at 24 (citing Judicial Watch, Inc. v. United States Dep't of Homeland Security, 514 F. Supp. 2d 7, 10 (D.D.C. 2007)).  The motion for a preliminary injunction will be denied in its entirety.

### III.  CONCLUSION

For the reasons stated herein, plaintiff's first motion to amend her complaint will be granted and her subsequent motions will be denied.  Defendants' motions to dismiss will be granted and plaintiff's claims relating to surveillance and harassment will be dismissed.  Plaintiff's motion for a preliminary injunction will be denied.  An Order accompanying this Opinion will issue this same day.

          /s/
PAUL L. FRIEDMAN
United States District Judge

DATE: June 17, 2009